# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| VCNA US MATERIALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIMEROCK CREEK INVESTMENT COMPANY, LLC, and CHARLIE McGLAMRY, <br><br> Defendants. | Civil Action: 5:10-CV-380 (HL) |

## ORDER

On October 14, 2010, Plaintiff filed this matter in the Macon Division of the United States District Court for the Middle District of Georgia, alleging diversity as the basis for federal jurisdiction. Because federal courts have only limited jurisdiction, part of the Court's initial review process requires the Court to determine whether a proper jurisdictional basis exists in each case. When a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

A federal court's jurisdiction can be based upon either a question of federal law or diversity of citizenship; however, as Plaintiff is attempting to establish jurisdiction based on diversity, the Court will not discuss the necessary elements of federal question jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction

requires the legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different states. 28 U.S.C. § 1332(a)(1).

Plaintiff states that it is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Toronto, Ontario, Canada. Plaintiff alleges that Defendant Limerock Creek Investment Company is a limited liability company duly organized and existing in Warner Robins, Houston County, Georgia. Plaintiff also states that Defendant McGlamry's residential address is 105 Orchard Lane, Centerville, Houston County, Georgia.

For purposes of 28 U.S.C. § 1332, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined by the citizenship of all the members composing the organization. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen. Id. at 1022. And, therefore, a limited liability company could be deemed a citizen of more than one state. To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company. Id. In examining the jurisdictional allegations presented in the Complaint, the Court finds they are lacking, as Plaintiff failed to identify the citizenship of each of the members of Defendant Limerock Creek Investment Company, LLC.

There is also a problem with the allegations regarding Defendant McGlamry. There is no statutory definition of what constitutes a "citizen" for diversity purposes. Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991)). Federal courts interpret citizenship under § 1332 as requiring a natural person to be a United States citizen and be domiciled in a state. *See, e.g.*, Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), *aff'd*, 13 F.3d 409 (11th Cir. 1994). Thus, there are two necessary inquiries regarding citizenship for diversity jurisdiction: (1) whether the person is a United States citizen, and (2) whether the person is domiciled in a particular state.

Under the first inquiry, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. Const. amend. XIV, § 1. Regarding the second inquiry, domicile–synonymous with "state citizenship" in diversity jurisprudence–generally requires two elements: (1) physical presence in a state; and (2) the intent to make the state one's home. Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992). A complaint merely alleging residency, as opposed to state citizenship or domicile, is insufficient to invoke diversity jurisdiction. Id. Domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. *See* Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). Therefore, a party must plead citizenship distinctly and affirmatively. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Employers Ins. Co., 600 F.2d

15, 16 (5th Cir. 1979); see also Duff, 804 F. Supp. at 334. Plaintiff's allegation that Defendant McGlamry's residential address is 105 Orchard Lane, Centerville, Houston County, Georgia is insufficient.

As a result of these deficiencies, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the Complaint fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Plaintiff should be allowed to amend to correct the deficiencies. With regard to Limerock Creek Investment Company, LLC, this does not mean that Plaintiff is to make a blanket statement that the members of the LLC are each citizens of a certain state. Plaintiff is to identify each member of the LLCs and provide his, her, or its place of citizenship.

Plaintiff shall have until November 5, 2010 in which to file an amendment that conforms to the findings of this Order. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal for lack of jurisdiction.

**SO ORDERED**, this the 21st day of October, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh