# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION

| | | |
|---|---|---|
| VCNA US Materials, Inc., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | **Civil Action File Number:** |
| | : | **5:10-CV-380 (HL)** |
| Limerock Creek Investment Company | : | |
| LLC, and Charlie N. McGlamry, | : | |
| | : | |
| Defendants/Plaintiffs in Counterclaim, | : | |
| | : | |
| vs. | : | |
| | : | |
| VCNA US Materials, Inc. and | : | |
| Votorantim Cimentos North America, Inc.: | | |
| | : | |
| Defendants in Counterclaim. | : | |

## PROTECTIVE ORDER

The Plaintiff, VCNA US MATERIALS, INC., Votorantim Cimentos North America, Inc. ("VCNA, Inc.") and the Defendants LIMEROCK CREEK INVESTMENT COMPANY, LLC and CHARLIE N. MCGLAMRY (collectively, the "Parties"; individually, "Party") having stipulated to the entry of this order, and the court otherwise being advised;

IT IS ORDERED that the following provisions and conditions shall govern the Parties:

1. VCNA US Materials, Inc. and VCNA, Inc. have identified responsive materials in the documents to be produced in response to Defendants' discovery requests that they consider proprietary and/or competitively sensitive, and that they wish to protect from dissemination outside the confines of this litigation. This Order shall control the disclosure and dissemination of such

documents and information, and shall apply to all Parties in this case and to other persons as described herein.

2.      As used herein, the term "Confidential" shall refer to information or materials constituting or containing trade secrets, or other confidential, research, development or commercially-sensitive information, or information that is otherwise considered confidential under applicable law.  VCNA US Materials, Inc. and VCNA, Inc. shall designate material as "Confidential" only after determining that the material contains Confidential information.

3.      In responding to written discovery, VCNA US Materials, Inc. and VCNA, Inc. may designate any portion of its response(s) which constitutes or contains Confidential information in a manner which will not interfere with its legibility, or the written response with the words "This document/response is subject to a Protective Order in "*VCNA US Materials, Inc. v. Limerock Creek Investment Company, LLC, et al.*", "Confidential" or a similar designation.

4.      In any deposition, if any of the deponent's testimony is deemed Confidential, VCNA US Materials, Inc. and VCNA, Inc. may designate such testimony as Confidential and will then notify opposing counsel in writing of the page and line numbers of the testimony deemed Confidential within 30 days of receiving the deposition transcript.  Any testimony read from or directly referencing Confidential documents is automatically deemed to be Confidential, including any Confidential documents that are used as deposition exhibits.

5.      Any Confidential information that VCNA US Materials, Inc. and VCNA, Inc. provide to a Party may be disclosed only to that Party and/or immediate employees of a Party's trial counsel's law firm, and other individuals legitimately assisting a Party in the preparation of this case for trial such as plaintiff's co-counsel, consultants and experts.

6.      Any recipient of Confidential information shall not disclose the Confidential information to any other person to whom disclosure is not authorized by the terms of this Protective Order and shall not use such Confidential information for purposes other than preparation of this action for trial.  Any recipient of Confidential information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of Confidential information in order to ensure that its Confidential nature is maintained.

7.      During the pendency of this action, any recipient of Confidential information or materials, by accepting its receipt, agrees to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to the Confidential information and/or this Protective Order, including, but not limited to, any proceeding relating to the enforcement of this Protective Order. Following the final disposition of this action, any recipient of Confidential information or materials, by accepting its receipt, consents and agrees that the venue for any dispute arising from this Protective Order or otherwise relating to the use or dissemination of Confidential information or materials shall be in the U.S. District Court for the Middle District of Georgia or the U.S. District Court for the Northern District of Georgia.

8.      Any recipient of Confidential information, prior to receiving such information, shall be furnished with a copy of this Protective Order, and shall execute an acknowledgment letter of the type attached as Exhibit A, certifying that the recipient will not disclose Confidential information to any person to whom disclosure is not authorized by the terms of this Protective Order, that the recipient will not use any Confidential information in any way whatsoever other than for purposes of this action, and that the recipient has read this Protective Order and agrees to be bound by its terms.  The original of each acknowledgement letter shall be maintained by counsel for all Parties and furnished to counsel for VCNA US Materials, Inc. and VCNA, Inc. upon the conclusion of this

litigation. All Parties' counsel shall also maintain and furnish to counsel for VCNA US Materials, Inc. and VCNA, Inc. at the conclusion of the litigation a list or description of which Confidential information has been disclosed to each recipient.

9.     There shall be no reproduction or copying of Confidential information except for those people authorized to receive information pursuant to this Order after execution of an acknowledgement letter.

10.     Any Confidential information required to be filed with the Court shall be marked "Confidential" and filed under seal under the applicable court rules, with the Clerk of the Court and shall be available for inspection only by the Court and by persons authorized by this Order to receive such Confidential information. Such documents or information shall be filed only in sealed envelopes, on which shall be endorsed the caption of this action, an indication of the contents, and the following designation:

CONFIDENTIAL

This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing use of confidential discovery material. The envelope shall not be opened or the contents thereof displayed or revealed except by order of the Court. Violation hereof may be regarded as contempt of Court.

11.     Information designated as "Confidential" may be referred to by a Party in notices, motions, briefs, or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such information shall be used, however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, separately filed under seal with the Court.

If, at the time of trial, a Party intends to introduce into evidence any information designated as Confidential, he shall give timely notice of such intention to the Court and counsel for VCNA US Materials, Inc. and VCNA, Inc., and the Court may take such steps as it shall deem reasonably

necessary to preserve the confidentiality of such information. The Party claiming information is Confidential shall have the burden of proving that confidentiality. 13. Within thirty (30) days after the final disposition of this action, all documents and copies of documents designated as Confidential shall be destroyed or returned to VCNA US Materials, Inc. and VCNA, Inc.. This paragraph shall require the destruction or return of the original materials produced, together with all photocopies, duplicates, abstracts or reproductions of such materials. Within thirty (30) days after the final disposition of this action, the Party or other recipient returning or destroying the Confidential materials shall send written certification that the materials have been returned or destroyed to counsel for VCNA US Materials, Inc. and VCNA, Inc. at the following address: Curtis J. Romig, Bryan Cave LLP, One Atlantic Center, 14th Floor, 1201 West Peachtree Street, N.W., Atlanta, Georgia 30309.

12. In the event that any Party disagrees with VCNA US Materials, Inc. and VCNA, Inc.'s designation of any item as Confidential and subject to this Protective Order, that Party shall, up until the time of trial, send a written notice to counsel of record for VCNA US Materials, Inc. and VCNA, Inc. specifying the items in question. In the event that the Parties cannot reach an agreement concerning the confidentiality of the item, the Party asserting continued confidentiality shall proceed to file a motion with this Court seeking a determination whether the items are properly subject to this Protective Order. Any such items shall continue to be treated as Confidential and subject to this Order until such time as this Court rules that the items are not entitled to Confidential treatment.

13. None of the Parties or their respective counsel, experts or other persons retained by them to assist in the preparation of this action shall under any circumstances, sell, offer for sale, advertise or publicize the contents of Confidential materials or information.

14.     The terms of this Order shall remain confidential and this Order shall not be used, disclosed or cited by any Party hereto in connection with any other proceeding, except in connection with a motion seeking enforcement of the provisions of this Order.

s/ Hugh Lawson
Hugh Lawson, Senior Judge

Dated: May 5, 2011.

**PREPARED AND AGREED TO BY:**

**/s/ Curtis J. Romig**
Curtis J. Romig, Esq.
Georgia Bar No. 613990
curtis.romig@bryancave.com
Karen Neely Louis, Esq.
Georgia Bar No. 142612
karen.louis@bryancave.com
Theresa B. Hubbard, Esq.
Georgia Bar No. 143176
theresa.hubbard@bryancave.com
BRYAN CAVE, LLP
1201 West Peachtree Street, NW
Fourteenth Floor
Atlanta, Georgia 30309-3488
Tel: (404) 572-6600
Fax: (404) 572-6999

*Attorneys for Plaintiff VCNA US Materials, Inc. and Defendant Votorantim Cimentos North America, Inc.*

**/s/ Stephen L. Cotter**
Stephen L. Cotter, Esq.
Georgia Bar No. 189725
stephen.cotter@swiftcurrie.com
Myrece Johnson, Esq.
Georgia Bar No. 940301
myrece.johnson@swiftcurrie.com
Swift, Currie, McGhee & Heirs, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3238
Tel: (404) 874-8800
Fax: (404) 888-6199

H. David Moore, Esq.
Georgia Bar No. 519250
Post Office Drawer 8269
108 Olympia Drive, Suite 100
Warner Robins, GA 31095-8269
(478) 328-3200

*Attorneys for Defendants Limerock Creek Investment Company, LLC and Charlie McGlamry*

**EXHIBIT A**

**WRITTEN ASSURANCE**

STATE OF _____

COUNTY OF _____

I, _____, hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Protective Order of _____, 2011, in *VCNA US Materials, Inc. v. Limerock Creek Investment Company, LLC, et al.* that I have been given a copy of and have read the Protective Order and understand its terms. I further agree that I shall not disclose to others, except in accordance with that Protective Order, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they are produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of the legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court. Further, I agree to subject myself to the jurisdiction of the United States District Court, Middle District of Georgia, Macon Division, in and for any contempt proceeding or other appropriate sanctions as the Court may deem proper for a violation of the Court's Protective Order.

_____

Subscribed and sworn to before me this _____ day
of _____, _____.

_____
NOTARY PUBLIC

7